UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELGIN LOUIS TAYLOR, JR., | Civil Action No. 15-6712 (MAS) (TJB) |
| Plaintiff, | |
| v. | **ORDER** |
| CHRIS CHRISTIE, et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER JAMES MITCHELL, | Civil Action No. 15-6713 (MAS) (TJB) |
| Plaintiff, | |
| v. | **ORDER** |
| HONORABLE CHRIS CHRISTIE, et al., | |
| Defendants. | |

| | |
|---|---|
| JAMES DANIEL HARRIS, | Civil Action No. 15-6714 (MAS) (DEA) |
| Plaintiff, | |
| v. | **ORDER** |
| GOVERNOR CHRIS CHRISTIE, et al., | |
| Defendants. | |

| | |
|---|---|
| ROBERT KENNETH GRILLO, | Civil Action No. 15-6715 (MAS) (DEA) |
| Plaintiff, | |
| v. | **ORDER** |
| GOVERNOR CHRIS CHRISTIE, et al., | |
| Defendants. | |

| | |
|---|---|
| DARIUS ROBINSON, | Civil Action No. 15-6716 (MAS) (DEA) |
| Plaintiff, | |
| v. | **ORDER** |
| GOVERNOR CHRIS CHRISTIE, et al., | |
| Defendants. | |

| | |
|---|---|
| MICHAEL BERNARD JONES, | Civil Action No. 15-6820 (MAS) (TJB) |
| Plaintiff, | |
| v. | **ORDER** |
| N.J. GOV. CHRIS CHRISTIE, et al., | |
| Defendants. | |

Presently before the Court are six complaints filed by the above-captioned Plaintiffs pursuant to 42 U.S.C. § 1983, asserting that their constitutional rights have been violated by various defendants. The Court previously granted in forma pauperis status to all Plaintiffs, so at this time, the Court must review the complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which

relief may be granted, or because they seek monetary relief from a defendant who is immune from suit. Having completed this screening, the Court finds that dismissal is not warranted at this time, and allows the complaints to proceed.

In addition, the Court consolidates these cases pursuant to Federal Rule of Civil Procedure 42. "If actions before the court involves a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). In determining whether consolidation is appropriate, a district court has "broad discretionary powers to order consolidation if it would advance the administration of justice and avoid unnecessary costs or delay." *Durso v. Samsung Elecs. Am., Inc.*, No. 12-5352, 2014 WL 1232332 (D.N.J. Mar. 24, 2014); *see Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) ("Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice."). "[T]he court must balance such factors as the interest or efficiency and judicial economy gained through consolidation against the delay or expense that might result from simultaneous disposition of separate actions." *Id.*

Here, there is no question that these cases share common questions of law and fact. Indeed, aside from some minor differences, it is obvious that the substantive portions of the complaints are photocopies of each other—the cases could have been filed simply as one action with six plaintiffs. As such, there would be significant judicial economy gained through consolidation. Furthermore, there would be very little, if any, delay or expense incurred from consolidation, as these cases are just now proceeding past § 1915 screening; indeed, the Court expects consolidation to advance the disposition of these cases, and reduce the expenses incurred by the parties. Accordingly, the Court finds consolidation under Rule 42(a) appropriate.

IT IS therefore on this ___12th___ day of ___July___, 2016,

**ORDERED** that the complaints in the above-captioned cases are permitted to proceed past 28 U.S.C. § 1915 screening; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summonses and the United States Marshal shall serve summonses, the complaints and this Order upon Defendants in each case, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that the above-captioned cases shall be **CONSOLIDATED**, with Case No. 15-6712 serving as the representative and lead case; it is further

**ORDERED** that all future filings by all parties shall be made in the lead case, Case No. 15-6712; it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** all cases except the lead case, Case No. 15-6712; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); Defendants may file a single answer that addresses the allegations of all complaints, with specific references to a particular complaint as necessary; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiffs of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiffs seek the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiffs shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

5